UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**UNITED STATES OF AMERICA,**
**PLAINTIFF,**

**v.**                                            CASE NUMBER H-19-CR-0254

**AFZAL ARSALAN REHMAN,**
**DEFENDANT.**

**OPPOSED MOTION FOR COMPASSIONATE PRETRIAL RELEASE**

TO THE HONORABLE VANESSA GILMORE, JUDGE, UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

COMES AFZAL ARSALAN REHMAN, by counsel, and moves the Court to order his pretrial release to home detention (house arrest) pending trial due to the substantial risk to himself and the community from the current COVID-19 pandemic. In support of the motion, Mr. Rehman states the following:

The Bail Reform Act provides for the temporary release of inmates in custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. §3142(i). The current pandemic is a compelling reason.

1

Further, the passage of the Bail Reform Act of 1984 "did not . . . signal congressional intent to incarcerate wholesale the category of accused persons awaiting trial." United States v. Orta, 760 F.2d 887, 890 (8th Cir. 1985). The Bail Reform Act also did not intend Defendants to await trial while under the threat of imminent illness and death from a virus pandemic. Under 18 U.S.C. §3142(f), a judicial officer has the authority to re-open a Detention Proceeding at any time.

Mr. Rehman requests release from custody on pretrial release with home detention (house arrest) so that he can reduce his exposure to the coronavirus outbreak. If released, Mr. Rehman will live with his wife at 7200 Almeda Road, #811, Houston, Texas 77054.

To assist the court in the enforcement of a Pretrial Release Order, Ms. Baig is willing to install a land line telephone without any call forwarding features and to remove internet access as well as all devices capable of accessing the internet from her home. A hard line phone will allow Pretrial Services to have Mr. Rehman wear an ankle monitor while under house arrest. Removal of all electronics capable of internet access and an order prohibiting Mr. Rehman from possessing any device capable of accessing the internet creates a safety net preventing long distance harassment of the Canadian victim.

As an additional condition of house arrest, Mr. Rehman could be ordered to

leave his home for court appearances or activities approved by the court only when his wife is serving as an escort. The attached letter from Ms. Baig's attorney confirms Ms. Baig's willingness to make the changes to her home necessary for her husband to be safely released to house arrest pending trial.

As the Court is no doubt aware, coronavirus has been labeled a pandemic by the World Health Organization. Mr. Rehman submits that the health risk to himself and the community is incredibly heightened during this pandemic given the conditions in the jails and prisons, where it is impossible for inmates to practice safe social distancing and proper hygiene. This state of affairs necessitates pretrial release for as many defendants as possible until this pandemic has ended.

Many Texas State Courts are releasing non-violent criminal inmates from county jails to reduce the population in the county jails. The Bureau of Prisons and Federal Judges are allowing compassionate release in some cases.

The Bureau of Prisons has temporarily suspended visitation with inmates, including legal visits from defense counsel, to reduce the number of people entering federal detention facilities. Despite these precautions, the coronavirus has entered the federal prison system. On April 6, 2020, Warden Smith told the undersigned counsel that the Joe Corley Detention Center had no confirmed cases of COVID-19. However, since people can transmit coronavirus prior to showing

symptoms, restricting entry into the facility to employees only is an inadequate protection for inmates against this disease. The risk to federal inmates is not theoretical – it is real.

The Joe Corley Detention Center, the Federal Detention Center and all federal prison facilities are sites with a high risk of infection spreading quickly if the disease is introduced into the facility. If an outbreak inside a detention facility occurs, there is a significant risk of overwhelming hospitals already battling to fight the pandemic with limited resources.

JCDC is a contract private detention facility. Unlike a facility run by the Bureau of Prisons, there is no Compassionate Release Coordinator. Mr. Rehman has no way to administratively apply for release through the Bureau of Prisons.

If there were a Compassionate Release Coordinator at JCDC and if Mr. Rehman applied for administrative relief, he would not qualify for administrative relief because he is detained pending trial. Joe Corley follows orders from the United States Marshal's Office. The facility holds inmates they are told to hold and releases inmates when they are told to release them. The only possible path to pretrial release for Mr. Rehman is to obtain a court order. The court order will travel from the U.S. Marshal's Office to JCDC and JCDC will comply with the court's order. Thus, this motion is requesting compassionate pretrial release from

the only source capable of granting relief.

Mr. Rehman recognizes that he was previously ordered to be detained pending trial. However, Mr. Rehman's alleged victim lives in Canada. Non business travel between the United States and Canada has been temporarily eliminated due to the pandemic. Mr. Rehman cannot harass the victim in this case from the United States unless he does so electronically. The court can set pretrial release conditions to prevent Mr. Rehman from having internet access. The court can set pretrial release conditions prohibiting possession of devices capable of harassing the victim in Canada. Mr. Rehman is not a danger to the community if he is prohibited from leaving his home unless escorted to court or an approved activity by his wife.

In determining whether a defendant poses a flight risk or a threat to the safety of the community, the following factors may be considered, pursuant to 18 U.S.C. §3142(g):

(1) The nature and circumstances of the offense charged . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct . . ., criminal history,

>> and record concerning appearances at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal . . .; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Thus, application of the §3142(g) factors show that with strict conditions of house arrest imposed as a condition of pretrial release, Mr. Rehman can overcome the presumption that he either poses a risk of danger to the community or is a flight risk. He will not be a danger to the victim in Canada due to the restrictions imposed against non-business travel between the USA and Canada. Mr. Rehman will not be a flight risk if his wife signs a significant financial obligation to be sure he appears for court and personally escorts him on every occasion he leaves the home.

Mr. Rehman has no motive to engage in additional criminal activity if released, as doing so would almost certainly result in additional charges being filed against him and an upward variance at sentencing. By filing this motion, Mr. Rehman is simply seeking to avoid the increased risk to his health and/or life caused by remaining at JCDC while waiting for trial.

In <u>United States v. French</u>, 738 F.Supp. 24 (D. D.C. 1990), the defendant

6

was charged with possession with intent to distribute more than 50 grams of cocaine base. Despite the rebuttable presumption triggered by 18 U.S.C. §3142(e), the District Court concluded that with proper monitoring, and housing, the defendant could be released pending trial. In <u>United States v. Carbone</u>, 793 F.2d 559 (3rd Cir. 1986), the defendant was ordered to be at his parent's house from 8:00 p.m. to 6:00 a.m.; a million dollars in residential property was posted by friends of the defendant; and the defendant was required to fulfill his obligation of daytime employment and night time house confinement. Under those conditions, the defendant satisfied his burden of rebutting the statutory presumption of dangerousness. <u>Id.</u> As in <u>French</u> and <u>Carbone</u>, by imposing sufficient conditions on his release and by advising Mr. Rehman of the harsh penalties that would be imposed for violation of his release conditions, Mr. Rehman would conform to the terms of any release order.

    **WHEREFORE**, in consideration of the foregoing, Mr. Rehman respectfully requests that this Court issue an Order granting his release on home confinement (house arrest) pending trial.

                                        Respectfully submitted,

                                        <u>/S/ R. Christopher Goldsmith</u>
                                        R. Christopher Goldsmith
                                        Federal Bar Number 12080 (SDTX)
                                        Texas Bar Number 08097320
                                        Lyric Centre
                                        440 Louisiana, Suite 900
                                        Houston, Texas 77002
                                        713-223-1001
                                        713-828-4816
                                        rchristophergoldsmith@gmail.com.

                                        ATTORNEY FOR DEFENDANT

## **<u>CERTIFICATE OF CONFERENCE</u>**

The undersigned counsel attempted unsuccessfully to conference this motion with AUSA Sherri Zack. However, Ms. Zack has made her position clear in prior filings opposing pretrial release for Mr. Rehman. The undersigned counsel has been informed by another AUSA in a different case that the policy of the Houston U.S. Attorney's Office is to oppose all motions for compassionate release. Based upon Ms. Zack's prior position opposing release and the policy opposing all motions for compassionate release, it is extremely likely that the government will oppose any conditions of release for Mr. Rehman.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April 2020 this pleading was filed by ECF. The AUSA in this case is a registered ECF filer and will be notified of the filing of this pleading by the court's electronic system.

**/s/ R. Christopher Goldsmith**
R. Christopher Goldsmith

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,
PLAINTIFF,

v.                                            CASE NUMBER H-19-CR-0254

AFZAL ARSALAN REHMAN,
DEFENDANT.

PROPOSED ORDER ON OPPOSED MOTION
FOR COMPASSIONATE PRETRIAL RELEASE PENDING TRIAL

On this day the Defendant's Motion was presented to the court. After review of this pleading, the court GRANTS the motion and orders Mr. Rehman released pending trial on the following conditions:

_____

_____

_____

Signed and Entered on April _____ 2020.

_____
VANESSA GILMORE, JUDGE
UNITED STATES DISTRICT COURT